488 P.2d 1044

STATE of Utah, Plaintiff and Respondent,

v.

Earl Ward CLEMENTS, Defendant and Appellant.

No. 12400.

Supreme Court of Utah.

Sept. 20, 1971.

John R. Anderson, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice.

The appellant and another man were discovered at approximately 11:20 p. m. one night inside the Ogden Clinic trying either to pry open or to unlock the door to the pharmacy. Neither of them had any authority or right to be in the building. When they were discovered, they each ran down the aisle and hid, the defendant in a utility closet under a set of stairs, his companion under a couch in one of the waiting rooms. The defendant emerged from his hiding place when he learned that police dogs were to be sent in after him. After he came out, the officers entered the closet and found a fully loaded .357 Magnum pistol hidden under some "foam."

The appellant and his companion were tried and convicted of the crime of burglary in the second degree. Only Clements appeals, claiming (a) that the statute [1] under which he was convicted is unconstitutionally vague; (b) that since he did not steal anything, the crime of burglary in the second degree is not made out; and (c) that his trial counsel inadequately represented his interest during the trial.

The contentions made are without any basis in fact or law.

■ The statute was amended shortly prior to the commission of the crime in question. Under the old statute, the difference between burglary in the second degree and burglary in the third degree depended on the time of entry. If at night, it was burglary in the second degree; if during the daytime, burglary in the third degree. The amendment consolidated the two crimes and provided that the breaking and entering or entering through an open door, etc., with intent to steal or to commit any felony would constitute the crime of burglary in the second degree.

We hold the statute to be entirely clear.

■ The intent to steal at the time of entry and not the actual stealing is the element which makes out the crime. The trier of the facts could hardly have failed to believe that the defendant in entering the clinic near midnight did so with the intent to steal.

As to the contention that appellant was inadequately represented by trial counsel, there is nothing to this contention.[2]

---

1. Section 76-9-3, Utah Annotated 1953, as amended in 1969 (1971 Pocket Supp.).

2. It should be noted that appellant's counsel at trial is and for many years prior to the time of trial had been a respected member of the legal profession of this state and has served with distinction as a district attorney and as a judge of the district court of this state.

**300**

The judgment of the trial court is affirmed.

CALLISTER, C. J., and HENRIOD, TUCKETT and CROCKETT, JJ., concur.